UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MASON HARRIS,
    Plaintiff,

vs.

MR. HOFFMAN, et al.,
    Defendants.

Case No. 1:15-cv-52

Black, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff, a prisoner in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has brought this *pro se* action under 42 U.S.C. § 1983 against correctional officers at Lebanon Correctional Institution (LeCI), where he was previously incarcerated. (*See* Docs. 7-8). Plaintiff's amended complaint is difficult to decipher, but it appears that plaintiff is claiming the defendants violated his constitutional rights by engaging in various retaliatory actions against him for exercising his First Amendment right to file grievances and complaints. (*See* Doc. 8). On April 3, 2015, the undersigned granted plaintiff's application for leave to proceed *in forma pauperis* and ordered the collection of the full filing fee in accordance with section 804(a) of the Prison Litigation Reform Act (PLRA) of 1995, 28 U.S.C. § 1915(b). (Doc. 6).

This matter is now before the Court on the defendants' motion filed July 14, 2015 requesting that the order granting pauper status to the plaintiff be vacated under the "three strikes" provision of the PLRA. (Doc. 19).[1] Plaintiff has filed a pleading responding to the motion, and the defendants have filed a brief in reply to that pleading. (Docs. 22-23). For the

---

[1] On July 15, 2015, the undersigned granted the defendants' separate motion to stay responsive pleading, which was also filed on July 14, 2015, pending this Court's disposition of the *in forma pauperis* issue raised in the motion to vacate. (*See* Docs. 20-21).

reasons that follow, the undersigned grants defendants' motion to vacate and recommends that plaintiff's pauper status be revoked and that plaintiff be ordered to pay the full filing fee if he wishes to proceed with this action.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The defendants have demonstrated that plaintiff is a "three-striker" within the meaning of 28 U.S.C. § 1915(g). In fact, as the defendants have pointed out, in two prior cases filed in the Eastern Division of this Court, the Court "recognized the fact that Plaintiff has 'three strikes' and either denied him *in forma pauperis* status or revoked his improvidently-granted i*n forma pauperis* status." (*See* Doc. 19, pp. 3-4 & Exs. A-B: *Mason Harris v. Alan Lazaroff*, No. 2:07-cv-1065 (S.D. Ohio) (Watson, J.; Abel, M.J.) (Docs. 2, 6); *Mason Harris v. Alan Lazaroff,* No. 2:05-cv-00938 (S.D. Ohio) (Holschuh, J.; Abel, M.J.) (Docs. 7, 10)). Defendants have provided the following cites that qualify as four "strikes" under 28 U.S.C. § 1915(g) against the plaintiff: *Mason Harris v. Robert Jennings*, No. 87-4002, 1988 WL 45340 (6th Cir. May 10, 1988) (affirming dismissal of complaint as frivolous pursuant to 28 U.S.C. § 1915(d)); *Mason Harris v. Ohio Dep't of Rehab. & Corr.*, No. 91-3576, 1991 WL 241991 (6th Cir. Nov. 19, 1991) (affirming dismissal of complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6));

2

*Mason Harris v. Ohio Dep't of Rehab. & Corr.,* No. 91-3920, 1992 WL 56999 (6th Cir. Mar. 24, 1992) (affirming dismissal of complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Mason Harris v. Mr. Sawbeam,* No. 1:05-cv-628, 2005 WL 2861110 (S.D. Ohio Nov. 1, 2005) (Weber, J.) (Doc. 9) (dismissing complaint at screening stage for failure to state a claim upon which relief may be granted). Plaintiff's previous dismissals also prevent him from filing this action *in forma pauperis. Cf. Coleman v. Tollefson*, 733 F.3d 175, 176-78 (6th Cir. 2013), *aff'd*, __ U.S. __, 135 S.Ct. 1759 (2015).

In view of his four "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis,* 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley,* 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule

to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's amended complaint any facts showing he meets the statutory exception. (*See* Doc. 8). Moreover, plaintiff has not even remotely suggested that he meets the statutory exception in his pleading filed in response to the defendants' motion to vacate. (*See* Doc. 22). Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, defendants' motion to vacate the prior order granting *in forma pauperis* status to plaintiff (Doc. 19) is **GRANTED**. It is **FURTHER RECOMMENDED** that plaintiff's *in forma pauperis* status be revoked and that plaintiff be ordered to pay the full filing fee, with credit for any amounts paid in accordance with the prior order (*see* Doc. 6), within thirty (30) days of the filing of any Order adopting this Report and Recommendation if he wishes to proceed with this action.

### IT IS THEREFORE ORDERED THAT:

Defendants' motion to vacate Doc. 6 (Doc. 19) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's *in forma pauperis* status be revoked on the ground that plaintiff is a "three-striker" within the meaning of 28 U.S.C. § 1915(g).

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action, with credit for any amounts paid in accordance with Doc.

4

6, within thirty (30) days of the date of filing of any Order adopting this Report and Recommendation, and that plaintiff be notified that his failure to pay the full $400 fee within the requisite thirty-day period will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

    3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 8/17/15

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MASON HARRIS,
    Plaintiff,

vs.

MR. HOFFMAN, et al.,
    Defendants.

Case No. 1:15-cv-52

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc