UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MASON HARRIS, | Case No. 1:15-cv-52 |
|     Plaintiff/Appellant, | |
| | |
| | Black, J. |
| vs. | Litkovitz, M.J. |
| | |
| MR. HOFFMAN, et al., | **REPORT AND** |
|     Defendants/Appellees. | **RECOMMENDATION** |

The *pro se* plaintiff/appellant is an inmate at the Ross Correctional Institution in Chillicothe, Ohio. On October 29, 2015, the District Court entered a final order and judgment dismissing his civil complaint for lack of prosecution because the plaintiff/appellant had failed to comply with an Order issued September 25, 2015 revoking his *in forma pauperis* status on the ground that he "is a 'three-striker' within the meaning of 28 U.S.C. § 1915(g)" and directing him to pay within thirty days the full $400 fee required to commence the action. (*See* Docs. 25-27). Thereafter, on November 19, 2015, plaintiff/appellant filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit and a motion for leave to proceed on appeal *in forma pauperis*. (Docs. 28-29). This matter is now before the Court on plaintiff/appellant's motion for leave to appeal *in forma pauperis*, which has been referred to the undersigned for Report and Recommendation. (Doc. 29). The defendants have filed a responsive pleading opposing the plaintiff/appellant's motion. (Doc. 30).

As the defendants have pointed out in their opposition memorandum (*see* Doc. 30), plaintiff/appellant's motion is moot to the extent that the District Court has already determined in

the final order and judgment issued on October 29, 2015 that plaintiff/appellant is not entitled to proceed *in forma pauperis* on appeal.  (*See* Doc. 26, at PAGEID#: 127; Doc. 27).  In any event, under the "three strikes" provision set forth in 28 U.S.C. § 1915(g), plaintiff/appellant is prohibited from obtaining pauper status for the purpose of appealing the judgment in this civil action.  *See* 28 U.S.C. § 1915(g).  As the undersigned pointed out in a prior Order and Report and Recommendation issued on August 17, 2015:

> The defendants have demonstrated that plaintiff is a "three-striker" within the meaning of 28 U.S.C. § 1915(g).  In fact, as the defendants have pointed out, in two prior cases filed in the Eastern Division of this Court, the Court "recognized the fact that Plaintiff has 'three strikes' and either denied him *in forma pauperis* status or revoked his improvidently-granted i*n forma pauperis* status."  (*See* Doc. 19, pp. 3-4 & Exs. A-B: *Mason Harris v. Alan Lazaroff, et al.*, No. 2:07-cv-1065 (S.D. Ohio) (Watson, J.; Abel, M.J.) (Docs. 2, 6); *Mason Harris v. Alan Lazaroff, et al.*, No. 2:05-cv-00938 (S.D. Ohio) (Holschuh, J.; Abel, M.J.) (Docs. 7, 10)).  Defendants have provided the following cites that qualify as four "strikes" under 28 U.S.C. § 1915(g) against the plaintiff:  *Mason Harris v. Robert Jennings*, No. 87-4002, 1988 WL 45340 (6th Cir. May 10, 1988) (affirming dismissal of complaint as frivolous pursuant to 28 U.S.C. § 1915(d)); *Mason Harris v. Ohio Dep't of Rehab. & Corr.*, No. 91-3576, 1991 WL 241991 (6th Cir. Nov. 19, 1991) (affirming dismissal of complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Mason Harris v. Ohio Dep't of Rehab. & Corr.,* No. 91-3920, 1992 WL 56999 (6th Cir. Mar. 24, 1992) (affirming dismissal of complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Mason Harris v. Mr. Sawbeam, et al.*, No. 1:05-cv-628, 2005 WL 2861110 (S.D. Ohio Nov. 1, 2005) (Weber, J.) (Doc. 9) (dismissing complaint at screening stage for failure to state a claim upon which relief may be granted).  Plaintiff's previous dismissals also prevent him from filing this action *in forma pauperis*.  *Cf. Coleman v. Tollefson*, 733 F.3d 175, 176-78 (6th Cir. 2013), *aff'd*, __ U.S. __, 135 S.Ct. 1759 (2015).

(Doc. 24, at PAGEID#: 120-21).

Because plaintiff/appellant has more than three strikes against him, he is prohibited by 28 U.S.C. § 1915(g) from obtaining pauper status not only in the proceeding before this Court, but also on appeal to the Sixth Circuit from the District Court's final order and judgment dismissing the action for lack of prosecution.  Accordingly, for the same reasons given for the revocation of

2

the plaintiff/appellant's pauper status in the underlying proceeding before this Court, it is hereby **RECOMMENDED** that plaintiff/appellant's motion for leave to appeal *in forma pauperis* (Doc. 29) be **DENIED.**

Date:   11/23/15                                            s/Karen L. Litkovitz
                                                            Karen L. Litkovitz
                                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MASON HARRIS,	Case No. 1:15-cv-52
    Plaintiff,

                                  Black, J.
vs.	Litkovitz, M.J.

MR. HOFFMAN, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc